# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Frederick A. Law, | Civil Action No. 8:19-cv-03586-RMG |
| Plaintiff, | |
| v. | ORDER |
| Keyunna Dorsey, Sgt. Chris Neal, Cpt. Lanita Patton, Major Jeff Johnson, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9) recommending the Court dismiss the case. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the case.

## I. Background

Frederick A. Law ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He filed this action on December 30, 2019 alleging that pursuant to 42 U.S.C. § 1983, a violation of his civil rights occurred. (Dkt. No. 1.) Plaintiff alleges that on March 2, 2018, he was booked into the Florence County Detention Center with $897 in his possession. (*Id.* at 4–5.) Upon his arrival, Plaintiff alleges he was searched by Defendant Dorsey, his money was placed on the counter, and he was placed in the detox holding cell. (*Id.*) Plaintiff alleges Defendant Dorsey stole $200 of his money. (*Id.* at 6.) On January 7, 2020, the Magistrate Judge filed an R & R recommending the Court dismiss Plaintiff's complaint for failure to state an actionable claim. (Dkt. No. 9.)

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the

Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where Plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff has not filed objections and the R & R is reviewed for clear error.

### B. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding in forma pauperis. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

C. *Pro Se* **Pleadings**

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

III. **Discussion**

After thorough review of the R & R, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed. Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Magistrate Judge correctly concluded that Plaintiff fails to allege facts to support a claim against Defendants Neal, Patton, and Johnson. (Dkt. No. 9 at 4.) In a § 1983 action, a plaintiff must plead facts indicating that a defendant acted personally in the alleged deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Here, the complaint contains no allegations of wrongdoing against Defendants Neal, Patton, and Johnson, and therefore fails to state a claim upon which relief can be granted against these Defendants under § 1983.

The Magistrate Judge correctly concluded that Plaintiff's allegations against Defendant Dorsey also fail to state a claim. Plaintiff alleges that Defendant Dorsey stole $200 and never returned it. (Dkt. No. 1 at 6.) The Magistrate Judge liberally construed the claim as a Fourteenth Amendment claim for deprivation of property without due process. (Dkt. No. 9 at 5. However, deprivations of personal property do not support actions for damages under § 1983. *Baker v. Stevenson*, No. CA 8:13-466-JFA-JDA, 2013 WL 4866337, at *1 (D.S.C. Sept. 11, 2013). Due process is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). In South Carolina, "prisoners may bring a civil action in state court for recovery of personal property against prison officials who deprived them without state authorization. *Mosley v. Scarcella*, No. CV 1:19-1550-RMG-SVH, 2019 WL 4280129, at *2 (D.S.C. June 19, 2019), *report and recommendation adopted*, No. 1:19-CV-01550-RMG, 2019 WL 3406612 (D.S.C. July 29, 2019). To the extent Plaintiff asserts a claim for negligence relating to his lost property, such a claim may be cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. However, this claim must be pursued in a court in the State of South Carolina.

Further, "an unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy is available for the loss." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (emphasis added). Even if Defendant Dorsey intentionally took Plaintiff's money, Plaintiff has a remedy under South Carolina law to obtain relief in state court under § 15-69-10, *et seq. See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding South Carolina's post-deprivation remedy under S.C. Code Ann. § 15-69-10, *et seq*. sufficiently satisfies due process requirements.) Accordingly, because there is no allegation Defendant Dorsey acted

pursuant to a state procedure and there is a meaningful post-deprivation remedy available, Plaintiff's § 1983 claim cannot proceed.

**IV. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 9) as the Order of the Court and **DISMISSES** the Plaintiff's Complaint without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 31, 2020
Charleston, South Carolina